# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NOS. 1:06CR1 LG-RHW |
| | 1:06CR2 LG-RHW |
| | 1:06CR3 LG-RHW |
| v. | |
| | CIVIL NOS. 1:08CV148 LG |
| | 1:08CV149 LG |
| | 1:08CV150 LG |
| JOHN JORDAN, JR. | |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO VACATE UNDER 28 U.S.C. § 2255

BEFORE THE COURT is the Motion of the Defendant, John Earl Jordan, Jr., to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to Title 28, United States Code, Section 2255. Defendant seeks to set aside his Judgment of Conviction and subsequent sentence for violation of 18 U.S.C. § 2113(a). The government has filed its responses. After consideration of the parties' submissions, the pleadings and record on file, and the relevant legal authority, the Court finds that the Motion should be denied.

## FACTS AND PROCEDURAL HISTORY

These three cases, each representing a separate bank robbery, were filed in the Western District of Louisiana and transferred to this District pursuant to Rule 20 of the Federal Rules of Criminal Procedure. Represented by appointed counsel Felicia Dunn Burkes, Jordan decided to accept the government's offer of a plea bargain, and the three cases were combined into a single plea agreement. For sentencing purposes, these cases were combined with three other cases - two from this District and one from the Eastern District of Louisiana. Jordan was sentenced to

six concurrent sentences of 114 months for the bank robberies. Judgment was entered on May 5, 2006. Although he had not waived his right to do so in the plea agreement, Jordan did not appeal the conviction or sentence. He indicated that he understood he retained the right to appeal and to file a § 2255 motion in regard to the three cases transferred from the Western District of Louisiana:

> THE COURT: All right. Now, it's my understanding that there is no such provision for waiver insofar as the plea agreement with the Western District of Louisiana; is that correct?
>
> THE DEFENDANT: Yes.
>
> THE COURT: So insofar as that plea agreement is concerned, you are not waiving or giving up the right to appeal the sentence or to contest the sentence in a post-conviction proceeding –
>
> THE DEFENDANT: That's correct.
>
> THE COURT: -- is that correct?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Have I stated that correctly, Ms. Burkes?
>
> MS. BURKES: Yes, Your Honor, you have.
>
> THE COURT: Mr. Meynardie, have I stated that correctly?
>
> MR. MEYNARDIE: Yes, sir.

Transcript of Defendant's Plea of Guilty at 12-13.

Jordan filed this § 2255 Motion on April 11, 2008, raising claims that he was improperly sentenced because of errors in his presentence investigation and the Presentence Investigation Report. Further, he alleges that counsel was ineffective by failing to correct these errors or bring them to the attention of the Court at the sentencing. In addition, he contends that one of the state

court convictions used to calculate his sentence was subsequently "expunged" in 2007, and he is therefore entitled to resentencing without the inclusion of that conviction.[1] At the request of the Court, the government provided a response to Jordan's arguments.

STATUTE OF LIMITATIONS:

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255. In accord with other circuits, the Fifth Circuit has determined that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *United States v. Plascencia,* 537 F.3d 385, 388 (5th Cir. 2008). Here, no direct appeal was filed; therefore the one-year statute of limitations period began to run ten days after entry of the judgment of conviction, or May 19, 2006. *Id.*; *See also* FED. R. APP. P. 4(b)(1)(A); 26(a). The limitations period expired on May 19, 2007, approximately ten months before Jordan filed this § 2255 Motion. The Fifth Circuit Court of Appeals has held that "the statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances,'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The Court finds no basis for equitable tolling in regard to the claims arising at or prior to Jordan's sentencing. They are barred by the applicable statute of limitations and should be denied for that reason.

However, Jordan could not have raised the "expungement" claim until the state court entered its order on September 12, 2007, and he filed this Motion within one year of that action. It is therefore timely and will be considered. *See United States v. Hicks*, 286 F. Supp. 2d 768,

---

[1] Jordan has obtained orders of "expungement" in a number of his state court convictions, but none of the other convictions impacted the calculation of his federal sentence. The Court therefore finds discussion of these other convictions unnecessary.

770 (E.D. La. 2003).

<u>THE EXPUNGEMENT</u>:

Jordan provides a copy of a judgment in cause no. 93537 in the Twenty-First Judicial District Court, Tangipahoa Parish, Louisiana, in which it is ordered that "all agencies and law enforcement officers . . . remove from public view the record of arrest, photograph, fingerprint, or any other information of any and all kinds of descriptions" relating to Jordan's conviction for obtaining a controlled substance by fraud. Ct. R. 9-2 p. 22. Jordan entered a nolo contendere plea on the charge and was sentenced "under Article 893 if all conditions are met." *Id*. at 21. The sentence, imposed on November 7, 2001, was court-supervised probation for the remaining two months of 2001. *Id*. The court found that Jordan had already successfully completed "drug court" prior to entering his plea, and therefore "it was not necessary at this time." *Id*.

During Jordan's sentencing in this Court, this felony conviction was used to add one point to his criminal history, resulting in a criminal history category of III and a sentencing range of 108 to 135 months. The Court sentenced Jordan within the lower 25 percent of this range, as requested by the parties. If the conviction had not been included, his criminal history category would have been II, resulting in a range of 97 to 121 months. Jordan's sentence is not within the lower 25 percent of this range.

The Fifth Circuit has held that "§ 2255 relief is appropriate when a state conviction that formed the basis of career offender status is invalidated after the federal sentencing." *United States v. Nichols*, 30 F.3d 35, 36 (5th Cir. 1994). "Invalidated" in that case meant that the defendant's state conviction had been vacated on the ground that his guilty plea was involuntary. *Id*. Distinguished from this type of situation are convictions set aside or defendants pardoned for

reasons unrelated to innocence or errors of law. *United States v. Santana*, 220 Fed. Appx. 283, 285-86 (5th Cir. 2007). As stated in application note 10 to U.S.S.G. § 4A1.2:

> A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocence or errors of law, e.g., in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted. However, expunged convictions are not counted.

Jordan does not claim that his conviction for obtaining a controlled substance by fraud was removed from public view because of an error of law, he was exonerated, or the sentence he received was ruled unconstitutionally invalid. He does not explain how the judgment ordering the records removed from view was obtained, and the judgment itself is silent as to the reason it was issued. However, having been imposed "under Article 893 if all conditions are met," the conviction was statutorily subject to dismissal or being setting aside if the probationary period was satisfactorily completed. *See* LA. CODE CRIM. PROC. art. 893(E)(2).[2]

Louisiana law provides that expungement of a record is different from destruction of a record. *State v. Green*, 997 So.2d 42, 44 (La. App. 2008). The Louisiana statute governing expungement defines the term as follows:

> "Expungement" means removal of a record from public access but does not mean destruction of the record. An expunged record is confidential, but remains available for use by law enforcement agencies, criminal justice agencies, . . .

LSA-R.S. 44:9(G). No court has authority to order the destruction of records of a person

---

[2]The Court attempted to obtain the records relating to Jordan's conviction from the Tangipahoa Parish court clerk, however the clerk of court declined to provide them. Jordan was then given time within which to obtain and provide the documents which would support his claim that the conviction had been expunged for purposes of the Sentencing Guidelines. *See* Ct. R. 38. His response was that he was unable to provide documents because he is in prison, and his mother, who has access to his legal records, is too ill to search for them. Ct. R. 39.

convicted under Article 893. *Green*, 997 So.2d at 44 (citing LSA-R.S. 44:9(E)(1)(a)). Thus, under Louisiana law while criminal convictions may be removed from public view, however records of an arrest and prosecution are not destroyed, but remain confidential from all but a few agencies and organizations. This does not amount to an "expungement" within the meaning of the Sentencing Guidelines.

Other district courts have examined the nature of an "expungement" under Article 893 and whether it requires resentencing under § 2255. In *United States v. Myers*, 2001 WL 815591 (E.D. La. July 19, 2001), the court noted that the Ninth Circuit Court of Appeals had determined that neither a California nor an Arizona statute required resentencing, because in both cases the "expunged" or dismissed conviction could be used in later criminal proceedings. *Id* at *2. The *Myers* court found Louisiana Article 893 to be similar, in that it provides that "the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender, and further shall be considered as a first offense for purposes of any other law or laws relating to cumulation of offenses." *Id*.; LA. CODE CRIM. PROC. art. 893(E)(2).

In the opinion of the Court, Jordan's state criminal conviction has not been "expunged" within the meaning of the Sentencing Guidelines because it still exists and may be used for certain purposes set out in Article 893 and LSA-R.S. 44:9(G). Therefore, the Court properly included this conviction in calculating Jordan's sentence. He is not entitled to relief on this ground.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion of the Defendant, John Earl Jordan, Jr., to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to Title 28, United States Code, Section 2255 is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that all remaining pending motions in these causes are **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED** this the 22nd day of October, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE